**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| David A. Duren, | ) | |
| | ) | Civil Action No.: 2:17-cv-01127-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hood et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 43), filed on July 2, 2018, recommending that the court dismiss this action with prejudice and without issuance and service of process. The Magistrate Judge found the allegations to be legally baseless and the Complaint (ECF #1) as a whole to be frivolous, malicious, and failing to state a plausible claim for relief. On April 28, 2017, Plaintiff proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. (ECF #1). He is suing numerous judges on behalf of himself and five other inmates for "conspiracy" and "fraud" due to their rulings in the habeas proceedings for these six inmates. In the Complaint, Plaintiff also includes a message against same-sex marriage and would like to "remove" this case (and others) to "the State of New Jersey." He filed this action *in forma pauperis* under 28 U.S.C. § 1915.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains within this court. *See Mathews v. Weber*, 423 U.S. 261, 270-70 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

The parties were advised of their right to file objections to the Report. (ECF No. 43 at 20.) However, neither party filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such a recommendation. 28 U.S.C. §636(b)(`); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997)("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. Plaintiff did not notify the court that he would like to continue to prosecute this case. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 43) dismissing this civil action with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_J. Michelle Childs_
United States District Judge

August 2, 2018
Columbia, South Carolina